UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
CARMEN BIGIO, Individually and
on Behalf of All other persons similarly situated,           : 07 Civ. _____
                                                             :
                Plaintiffs,                                  :
                                                             :  CLASS/COLLECTIVE
        -against-                                            :  ACTION COMPLAINT
                                                             :
COMMERCE BANCORP INC.,                                       :
                                                             :  JURY TRIAL DEMANDED
                Defendant.                                   :
-------------------------------------------------------------- :
                                                             :        MAY 25 2007
                                                             :
                                                             x

07 CV 4102

Judge Berman

        Plaintiff, on behalf of herself and all others similarly situated, alleges for her complaint against Commerce Bancorp ("Commerce"), upon knowledge with respect to her own acts and upon information and belief with respect to all other matters, as follows:

## NATURE OF THE ACTION

        1.      Plaintiff alleges on behalf of herself and other similarly situated current and former employees of Commerce and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are (i) entitled to unpaid wages for overtime work for which they did not receive overtime premium pay, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq.

        2.      Plaintiff further alleges on behalf of herself and a class of other similarly situated current and former employees of Commerce, pursuant to Fed. R. Civ. P. 23, that they are

entitled to back wages for overtime work for which they did not receive overtime premium pay, as required by the New York Labor Law §§ 650 et seq.

## THE PARTIES

3. Plaintiff, Carmen Bigio, was at all relevant times an adult individual residing at 268 Robinson Avenue, Bronx, New York 10465.

4. Upon information and belief, Commerce through its subsidiaries, Commerce Bank N.A. and Commerce Bank/North, provides retail and commercial banking services for consumers, and small and mid-sized companies. As of December 31, 2006, Commerce operated 428 branches in New York, New Jersey, Pennsylvania, Connecticut, Delaware, Maryland, Virginia, Florida and the District of Columbia. Its headquarters are located at 1701 Route 70 East, Cherry Hill, New Jersey 08034.

## COLLECTIVE ACTION ALLEGATIONS

5. Pursuant to 29 U.S.C. § 207, Plaintiff seeks to prosecute her FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Commerce during the Statutory Period who were non-exempt employees within the meaning of the FLSA and who were not paid wages in violation of the FLSA (the "Collective Action Class"). The Collective Action Class does not include Commerce's directors, officers or members of their families.

6. The practice of failing to pay overtime premium pay complained of herein affects each member of the Collective Action Class. The members of the Collective Action Class are so numerous that joinder of all members is impracticable. The precise number of such persons is unknown, and the facts on which the calculation of that number can be precisely made are presently within the sole control of Defendant.

7. There exist no conflicts of interest as between the Plaintiff and the other Collective Action Class members. Plaintiff has retained counsel that is competent and experienced in both employment law and class action litigation. Plaintiff and her counsel will fairly and adequately represent the interests of the Collective Action Class.

8. This collective action is superior to any other method for the fair and efficient adjudication of this dispute. The damages suffered by many members of the Collective Action Class are small in relation to the expense and burden of individual litigation and therefore it is highly impractical for individual Collective Action Class members to attempt to vindicate their interests individually. There will be no extraordinary difficulty in the management of this collective action.

9. The claims of Plaintiff are typical of the claims of the Collective Action Class, and a collective action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in court against corporate defendants.

10. Defendant has acted or refused to act on grounds generally applicable to the Collective Action Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Collective Action Class as a whole.

11. All Collective Action Class members have been damaged in the same fashion, by the same conduct. The degree of damages suffered by individual Collective Action Class members is readily calculable according to an ascertainable formula. For these reasons, questions of law and fact will predominantly be common to the Collective Action Class. Among the questions of law and fact common to the Collective Action Class are:

    a. whether Defendant employed the Collective Action members within the meaning of the FLSA;

    b. whether Defendant failed and/or refused to pay the Collective Action Members overtime compensation for hours worked in excess of forty hours per work week, in violation of the FLSA and the regulations promulgated thereunder;

    c. whether Defendant's violations of the FLSA are willful as that term is used within the context of the FLSA;

    d. whether Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

    e. whether Defendant should be enjoined from such violations of the FLSA in the future.

## CLASS ALLEGATIONS

12. Plaintiff sues on her own behalf and on behalf of a class of persons under Fed. R. Civ. P. 23.

13. The class is comprised of all persons who were employed by Commerce during the longest period of time permitted by the applicable statute of limitations (the "Statutory Period") who were non-exempt employees within the meaning of the New York Labor Law and have not been paid overtime wages in violation of the New York Labor Law (the "Class"). The Class does not include Commerce's directors, officers or members of their families.

14. The practices of failing to pay overtime wages complained of herein affect each member of the Class. The members of the Class are so numerous that joinder of all members is impracticable. The precise number of such persons is unknown, and the facts on which the calculation of that number can be precisely made are presently within the sole control of Defendant.

15. There exist no conflicts of interest as between Plaintiff and the other Class members. Plaintiff has retained counsel that is competent and experienced in both employment law and class action litigation. Plaintiff and her counsel will fairly and adequately represent the interests of the Class.

16. This class action is superior to any other method for the fair and efficient adjudication of this dispute. The damages suffered by many members of the Class are small in

relation to the expense and burden of individual litigation and therefore it is highly impractical for individual Class members to attempt to vindicate their interests individually. There will be no extraordinary difficulty in the management of this Class action.

17. The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in court against corporate defendants.

18. Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

19. All Class members have been damaged in the same fashion, by the same conduct. The degree of damages suffered by individual Class members is readily calculable according to an ascertainable formula. For these reasons, questions of law and fact will predominantly be common to the Class. Among the questions of law and fact common to the Class are:

    a. whether Defendant employed the members of the Class within the meaning of the New York Labor Law;

    b. whether Defendant failed and/or refused to pay the members of the Class premium pay for hours worked in excess of forty hours per

          workweek and more than ten hours a day within the meaning of the New York Labor Law;

    c.    whether Defendant is liable for all damages claimed hereunder, including but not limited to compensatory damages, interests, costs and disbursements and attorneys' fees; and

    d.    whether Defendant should be enjoined from such violations of New York law in the future.

## FACTS

20. Beginning in September, 2006, Plaintiff was employed by Commerce as a customer service representative.

21. Plaintiff's work was performed in the normal course of Commerce's business.

22. Plaintiff's duties did not include managerial responsibilities or the exercise of independent judgment.

23. Plaintiff at times worked in excess of 40 hours a week, yet Defendant willfully failed to pay Plaintiff overtime compensation of one and one-half time her regular hourly rate, and for an extra hour in each day worked over ten hours in violation of the New York Labor Law.

24. For example:

   a. For the bi-monthly pay period ending January 31, 2007, plaintiff worked 106.7 hours. Plaintiff's paycheck for that period reflects that she was paid only her regular hourly rate of $14.00 for each hour worked, even when those hours exceeded 40 per week.

   b. For the bi-monthly pay period ending March 15, 2007, plaintiff worked 94.72 hours. Plaintiff's paycheck for that period reflects that she was paid only her regular hourly rate of $14.25 for each hour worked, even when those hours exceeded 40 per week.

25. Throughout the Statutory Period, Defendant has likewise employed other individuals like the Plaintiff in non-exempt positions and that did not include any managerial responsibilities or the exercise of independent judgment.

26. Such other individuals have worked in excess of 40 hours a week, yet Defendant has willfully failed to pay them overtime compensation of one and one-half times their regular hourly rate, and for an extra hour in each day worked over ten hours in violation of the New York Labor Law. As stated above, the exact number of such individuals is presently unknown, but is within the sole knowledge of Defendant and can be ascertained through appropriate discovery.

## FIRST CLAIM FOR RELIEF:
## FAIR LABOR STANDARDS ACT

27.  Plaintiff, on behalf of herself and all Collective Action Members, realleges and incorporate by reference paragraphs 1 through 26 as if fully set forth herein.

28.  At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 203, 206(a) and 207(a).

29.  At all relevant times, Defendant employed, and/or continues to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

30.  Upon information and belief, at all relevant times, Defendant had gross annual revenues in excess of $500,000.

31.  At all relevant times, Defendant had a policy and practice of refusing to pay earned compensation to its employees, including overtime compensation for hours worked in excess of forty hours per workweek.

32.  As a result of Defendant's willful failure to compensate its employees, including Plaintiff and the Collective Action members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek,

9

Defendant has violated and continue to violate the FLSA, 29 U.S.C. §§ 2-1 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

33. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

34. Due to Defendant's FLSA violations, Plaintiff, on behalf of herself and the Collective Action members, are entitled to recover from Defendant their unpaid overtime compensation, an additional amount equal to one-hundred percent (100%) of their unpaid overtime pay as liquidated damages, pre-and post judgment interest, reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF: NEW YORK LABOR LAW

35. Plaintiff, on behalf of herself and the members of the Class, reallege and incorporate by reference paragraphs 1 through 34, as if fully set forth herein.

36. At all relevant times, Plaintiff and the members of the Class were employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651.

37. Defendant willfully violated Plaintiff's rights and the rights of the members of the Class, by failing to pay them overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a

work week, and an additional hour of pay for each hour worked in excess of ten hours in one day, in violation of the New York Labor Law and its regulations.

38. Defendant's New York Labor Law violations have caused Plaintiff and the members of the Class irreparable harm for which there is no adequate remedy at law.

39. Due to Defendant's New York Labor Law violations, Plaintiff and the members of the Class are entitled to recover from Defendant their unpaid overtime compensation, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 663(1).

## PRAYER FOR RELIEF

Wherefore, Plaintiff on behalf of herself, the Class and the Collective Action Class, requests that this Court grant the following relief:

    a. Designation of this action as a collective action on behalf of the members of the Collective Action Class, appointing Plaintiff and her counsel to represent the Collective Action Class and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b).

b. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the members of the Class and appointing Plaintiff and her counsel to represent the Class;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

d. An injunction against Defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patters set forth herein;

e. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law against Defendant;

f. An award of liquidated and/or punitive damages against Defendant as a result of its willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

g. An award of pre-judgment and post-judgment interest;

h. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

i. Such other and further relief as this Court deems just and proper.

Dated: New York, New York
       May 25, 2007

                                LIDDLE & ROBINSON, L.L.P.

By: *[signature]*
                                Christine A. Palmieri (CP 8235)
800 Third Avenue
New York, New York 10022
(212) 687-8500

Jeffrey M. Gottlieb (JG 7905)
BERGER & GOTTLIEB
150 East 18th Street, Suite PHR
New York, New York 10003
(212) 228-9795

ATTORNEYS FOR PLAINTIFF